IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA
PITTSBURGH

| | |
|---|---|
| ALLIANCE OF NONPROFIT FOR INSURANCE RISK RETENTION GROUP, A VERMONT CORPORATION;<br><br>Plaintiff,<br><br>vs.<br><br>TRANSDEV, INC., NORTHERN AREA MULTI-SERVICE CENTER OF ALLEGHENY COUNTY, DANIEL ROBERT BURRELLI, JANE DOE, BY AND THORUGH HER BROTHER AND LEGAL REPRESENTATIVE, JOHN DOE; AND JOHN DOE, INDIVIDUALLY AND IN HIS OWN RIGHT;<br><br>Defendants, | 2:16-CV-01896-MJH |

OPINION

Plaintiff, Alliance of Nonprofit for Insurance Risk Retention Group ("ANI"), brings the within action for declaratory judgment to define its obligations to defend and/or indemnify Defendants, Transdev, Inc. ("Transdev") and Northern Area Multi-Service Center of Allegheny County ("NAMS"), arising from a claim for alleged sexual misconduct by Defendant, Robert Burrelli, against Defendant, Jane Doe. (ECF No. 80).

Pending before the Court is Plaintiff, ANI's, Motion to Strike Affirmative Defenses; Defendants, Jane Doe, by and through her brother and legal representative, John Doe, and Joe Doe, individually and in his own right's ("Doe Defendants"), Motion for Partial Summary Judgment; and Plaintiff, ANI's, Motion for Summary Judgment. Upon consideration of the Amended Complaint (ECF No. 80); Stipulation of Facts (ECF No. 81); Defendant, Transdev's, Answer and Affirmative Defenses (ECF No. 82); Defendant, NAMS's, Answer and Affirmative

Defenses (ECF No. 83); Doe Defendants' Answer and Affirmative Defenses (ECF No. 84); Plaintiff, ANI's, Motion to Strike Doe Defendants' Affirmative Defenses to Amended Complaint (ECF No. 86); Defendants, Does', Response to Plaintiff, ANI's, Motion to Strike (ECF No. 91); Doe Defendants' Motion for Partial Summary Judgment (ECF Nos. 92-95); Plaintiff, ANI's, Motion for Summary Judgment and Response to Doe Defendants' Motion for Partial Summary Judgment (ECF No. 96); Defendant, Transdev's, Response to Doe Defendants' Motion for Partial Summary Judgment (ECF Nos. 97-100); Defendant, NAMS's, Response in Opposition to Defendants, Does's, Motion for Partial Summary Judgment (ECF Nos. 101-105); Defendant, Transdev's, Response to Plaintiff, ANI's, Motion for Summary Judgment (ECF No. 106); Defendant, NAMS's, Response to Plaintiff, ANI's, Motion for Summary Judgment (ECF No. 107); Doe Defendants' Response to Plaintiff, ANI's, Motion for Summary Judgment (ECF No. 108); Plaintiff, ANI'S, Sur-Reply to Respective Defendants' Responses to Motion for Summary Judgment (ECF No. 109), the arguments of counsel, and for the reasons stated below, Plaintiff, ANI's, Motion for Summary Judgment is granted; Doe Defendants' Motion for Partial Summary Judgment is denied; and Plaintiff, ANI's, Motion to Strike Affirmative Defenses is moot.

I.  **BACKGROUND**

The parties stipulated to the facts as follows. (ECF No. 81). On November 15, 2016, the Doe Defendants initiated a lawsuit in the Court of Common Pleas of Allegheny County against NAMS, Transdev, Inc. ("Transdev") and Daniel Robert Burrelli, docketed at G.D. No. 16-22081. *Id.* at ¶ 1. On May 9, 2017, the Doe Defendants filed an Amended Complaint ("Underlying Complaint"), the allegations of which superseded the allegations set forth in the November 15, 2016 Complaint. *Id.* at ¶ 3.

The Underlying Complaint alleges that Defendant, Daniel Robert Burrelli ("Burrelli"), was an agent, servant or employee of either NAMS, Transdev or both, and he was acting within the course and scope of his employment. *Id.* at ¶ 12. The Underlying Complaint further alleges, that beginning in 2012 or 2013, Transdev and NAMS selected and appointed Defendant, Burrelli, as Jane Doe's driver. *Id.* at ¶ 13. The Underlying Complaint alleges that, for approximately two years prior to March 11, 2015, Defendant, Burrelli, was the driver who provided much of the Service that Jane Doe required. *Id.* at ¶ 14. The Underlying Complaint alleges that Defendant, Burrelli, engaged in improper sexual conduct with Jane Doe. *Id.* at ¶ 15. The Underlying Complaint alleges that during the period that Defendant, Burrelli, was engaging in improper sexual conduct with Jane Doe, he did so in his capacity as a driver for and as an agent, servant, employee, and/or representative of Transdev and NAMS. *Id.* at ¶ 16. According to the Underlying Complaint, Defendant, Burrelli, admitted to improper sexual conduct with Jane Doe during the time period between 2013 and 2015. *Id.* at ¶ 17. Defendant, Burrelli, voluntarily and knowingly pleaded guilty to criminal rape of a mentally disabled person, involuntary deviate sexual intercourse with a person with a mental disability and indecent assault of a person with a mental disability. *Id.* at ¶ 18. The Underlying Complaint alleges that Transdev and NAMS were "in a special position such that they were and are each responsible and vicariously liable for Burrelli's actions." *Id.* at ¶ 19.

Further, the Underlying Complaint alleges that Transdev and NAMS were "each negligent in their actions and inactions with respect to Jane Doe independent of their vicarious liability for the actions of Burrelli." *Id.* at ¶ 20. The Underlying Complaint also alleges that Transdev and NAMS "were individually and collectively able to prevent Burrelli from repeatedly raping and sexually assaulting Jane Doe; however, they individually and collectively

failed to do so." *Id.* at ¶ 21. The Underlying Complaint further alleges, "[i]t was reasonably foreseeable that if Transdev and NAMS did not adequately screen and train Burrelli and exercise sufficient supervision, direction, and control over him, then there was no way for them to adequately discharge the highest, special and ordinary duties of care that they each owed to Jane Doe under the circumstances." *Id.* at ¶ 22.

During the relevant time periods, Transdev and NAMS were parties to a subcontract that provided as follows:

> *Contractor [NAMS] shall* indemnify, save harmless, and *defend* ACCESS, *Veolia Transportation, Inc. [Transdev]*, Veolia Environmental Inc., Connex Transit, Inc., Connex North America, Inc., ATC/Vancom, Inc., and Port Authority and all its officers, agents and employees, from and against any and all claims, loss or damage, charge or expense, including all costs of suits and reasonable attorney's fees, to which it or any of them may be put or subjected by reason of any damage, loss, or injury to persons, including accidental death, or property damage *caused by or resulting from the action or inaction of Contractor, its employees, and/or agents in the performance of this Agreement.*

(ECF Nos. 81 at ¶ 110 and 81-6 at p. 3)(emphasis added).

The parties further stipulated regarding coverage available under certain insurance policies. *Id.* at ¶ 5. Those stipulations have been summarized by the parties, as conclusions regarding coverage:

> A. The Improper Sexual Conduct Exclusion made part of the 2013 Primary Policy and the 2014 Primary Policy excludes coverage to NAMS and Daniel Robert Burrelli under the Commercial General Liability Coverage part included in the 2013 Primary Policy and the 2014 Primary Policy;
>
> B. The Improper Sexual Conduct And Physical Abuse Exclusion made part of the 2015 Primary Policy excludes coverage to NAMS and Daniel Robert Burrelli under the Commercial General Liability Coverage part included in the 2015 Primary Policy;
>
> C. To the extent that Transdev is an insured or additional insured on any ANI policy, it is only an insured or additional insured on the Commercial General Liability Coverage part included in the 2013 Primary Policy, the 2014 Primary Policy and the 2015 Primary Policy;

4

D. As an additional insured on the Commercial General Liability Coverage part of the 2013 Primary Policy and the 2014 Primary Policy, the Improper Sexual Conduct Exclusion excludes coverage to Transdev under the 2013 Primary Policy and the 2014 Primary Policy;

E. As an additional insured on the Commercial General Liability Coverage Part of the 2015 Primary Policy, the Improper Sexual Conduct And Physical Abuse Exclusion excludes coverage to Transdev under the 2015 Primary Policy;

F. The Improper Sexual Conduct Liability Coverage part included in the 2013 Primary Policy is potentially triggered by the allegations in the Underlying Complaint; however:

    i. Because Defendant Burrelli plead guilty to improper sexual conductwith Jane Doe, there is no coverage available to Defendant Burrelli under the Improper Sexual Conduct Liability Coverage part included in the 2013 Primary Policy;

    ii. Transdev is not an insured or additional insured on the Improper Sexual Conduct Liability Coverage part included in the 2013 Primary Policy; and

G. There is no coverage available to NAMS, Transdev or Defendant Burrelli under the 2013 Umbrella Policy, the 2014 Umbrella Policy or the 2015 Umbrella Policy;

H. Transdev has tendered its defense in the Underlying Lawsuit pursuant to the terms of the Subcontract;

I. NAMS has accepted the tender pursuant to the terms of the Subcontract;

J. NAMS has requested that ANI provide for Transdev's defense in the Underlying Lawsuit pursuant to the terms of the Subcontract and the definition of "insured contract";

In its Amended Complaint for Declaratory Judgment (ECF No. 80) as well as in its Motion for Summary Judgment (ECF No. 96), Plaintiff, ANI, seeks the following:

    1. Under the terms of the Improper Sexual Conduct Liability Coverage Form made part of the 2013 Primary Policy and the 2014 Primary Policy, all acts of improper sexual conduct committed by Daniel Robert Burrelli are deemed to have occurred on the date of the first such act;

5

2. Under the terms of the Improper Sexual Conduct And Physical Abuse Liability Coverage Form made part of the 2015 Primary Policy, all acts of improper sexual conduct committed by Daniel Robert Burrelli are deemed to have occurred on the date of the first such act;

3. The first act of improper sexual conduct occurred after March 4, 2013, therefore only the Improper Sexual Conduct Liability Coverage Form made part of the 2013 Primary Policy applies;

4. The Subcontract made by and between Transdev and NAMS is an "insured contract" within the meaning of the Improper Sexual Conduct Liability Coverage Form made part of the 2013 Primary Policy;

5. ANI, by providing a defense to Transdev at the request of NAMS, is acting in accordance with the "insured contract" provisions of the Improper Sexual Conduct Liability Coverage Form made part of the 2013 Primary Policy; and,

6. The Limits of Coverage are eroded by the cost of the defense provided by ANI to NAMS and Transdev.

(ECF No. 96-6). In their responses, Defendants, Transdev and NAMS, do not contest any of Plaintiff, ANI's, requests in its Motion for Summary Judgment. (ECF Nos. 106 and 107). However, in their response, the Doe Defendants contest the relief requested in numbers 4 and 5, while they concede the requested relief in numbers 1, 2, 3, and 6. (ECF No. 108). The Doe Defendants also filed their own Motion for Partial Summary Judgment (ECF No. 92), arguing that ANI is not legally obligated, and, in fact, is prohibited from providing a defense for or paying for Defendant, Transdev's, defense costs.

## II. STANDARD OF REVIEW

Summary judgment may only be granted where the moving party shows that there is no genuine dispute about any material fact, and that judgment as a matter of law is warranted. Fed. R. Civ. P. 56(a). Pursuant to Federal Rule of Civil Procedure 56, the court must enter summary judgment against a party who fails to make a showing sufficient to establish an element essential

to his or her case, and on which he or she will bear the burden of proof at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). In evaluating the evidence, the court must interpret the facts in the light most favorable to the nonmoving party, drawing all reasonable inferences in his or her favor. *Watson v. Abington Twp.*, 478 F.3d 144, 147 (3d Cir. 2007).

In ruling on a motion for summary judgment, the court's function is not to weigh the evidence, make credibility determinations or to determine the truth of the matter, but only to determine whether the evidence of record is such that a reasonable jury could return a verdict for the nonmoving party. *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150–51 (2000) (citing decisions); *Anderson v. Liberty Lobby*, 477 U.S. 242, 248–49 (1986); *Simpson v. Kay Jewelers, Div. of Sterling, Inc.*, 142 F.3d 639, 643 n. 3 (3d Cir. 1998). The mere existence of a factual dispute, however, will not necessarily defeat a motion for summary judgment. Only a dispute over a material fact—that is, a fact that would affect the outcome of the suit under the governing substantive law—will preclude the entry of summary judgment. *Liberty Lobby*, 477 U.S. at 248.

### III. DISCUSSION

#### A. Defendant, Does', Standing

As a preliminary matter, the issue of the Doe Defendants standing to pursue the declaratory relief they seek, must be addressed. The Declaratory Judgment Act permits a district court, "[i]n a case of actual controversy within its jurisdiction," to "declare the rights and other legal relations of any interested party seeking such declaration." 28 U.S.C. § 2201(a). However, before granting or denying such relief, a court must determine whether an

"actual controversy" exists within the meaning of the Declaratory Judgment Act.[1] *See id.*; *Spivey Co. v. Travelers Ins. Cos.*, 407 F. Supp. 916, 917 (E.D. Pa. 1976). Though there is no precise definition as to what constitutes an "actual controversy" for purposes of both the Declaratory Judgment Act and Article III of the Constitution, at the very least, the facts alleged in a complaint must present a substantial controversy between adverse parties of sufficient immediacy and reality as to warrant a declaratory judgment. *Maryland Cas. Co. v. Pacific Coal & Oil Co.*, 312 U.S. 270, 273 (1941).

The Third Circuit has held that an injured third party has standing ***to defend*** itself in a declaratory judgment action brought by an insurer against its insured and the injured third party. *See American Automobile Ins. Co. v. Murray*, 658 F.3d 311 (3d Cir. 2011); *Federal Kemper Insurance Co. v. Rauscher*, 807 F.2d 345 (3d Cir. 1986)(emphasis added). In both cases, the insurance company initiated the declaratory action and named the insured and the injured third party as defendants. In these cases, the injured parties and the named insureds were arguing in favor of coverage. Here, the named insureds have all consented and agree that ANI is obligated to provide defense coverage to Transdev; however, Defendant, Does, argue against such coverage. Doe Defendants, in seeking to defeat insurance coverage for defense costs, raise a de facto Declaratory Judgment action against ANI, Transdev, and NAMS. This posture has been disfavored. In *Carrasquillo v. Kelly*, No. CV 17-4887, 2018 WL 1806871, at *4 (E.D. Pa. Apr. 17, 2018), third party injured plaintiffs, who were not parties to the insurance contract at

---

[1] Though parties did not raise the issue of subject matter jurisdiction, this Court has the authority to raise it *sua sponte*. *See B&P Holdings I, LLC v. Grand Sasso, Inc.*, 114 Fed.Appx. 461, 465 (3d Cir. 2004) (citing *Kontrick v. Ryan*, 540 U.S. 443 (2004) ). In addition, the parties cannot waive or stipulate to this Court's subject matter jurisdiction. *See Sosna v. Iowa*, 419 U.S. 393, 398 (1975) ("While the parties may be permitted to waive nonjurisdictional defects, they may not by stipulation invoke the judicial power of the United States in litigation which does not present an actual 'case or controversy' ").

issue, initiated a declaratory judgment action seeking to dictate the terms of the contractual relationship between the insurer and insured. *Id.* The *Carrasquillo* Court found that the injured party lacked standing, because she was seeking a declaration about third parties' legal interests rather than her own. *Id.* The injured party in *Carrasquillo* requested a declaration regarding what the insurer was required to do for its insured. The issue was not about determining what the insurer was required to do for the injured party Plaintiff. *Id. Carrasquillo* reasoned that the injured party was litigating about the legal interests between the insured and insurer rather than of her own; therefore, she had no standing to pursue the case. *Id.* Further, the injured party did not allege that she had been assigned any rights of the insured under the insurance policy at issue. Thus, *Carrasquillo* concluded that there was not an actual and justiciable controversy sufficient to provide it with subject matter jurisdiction over the action. *Id.*

Likewise, in this case, the issues and legal interests regarding the duty to defend, vis-a-vis ANI, NAMS, and Transdev are not issues for which the Doe Defendants have standing to litigate, because the Does do not have a legal interest in whether ANI provides Transdev with a defense. While the Does argue that the expenses incurred by ANI to defend Transdev impact their ability to collect any ultimate judgment, because the defense costs reduce the policy coverage limits, such does not affect the legal rights of the Does to obtain a judgment against NAMS and/or Transdev. It only relates to the indemnity fund remaining for ANI to pay on behalf of its insureds. Accordingly, the Doe Defendants lack standing to request the affirmative action they present in their Motion for Summary Judgment.

### B. Plaintiffs' Motion for Summary Judgment and Defendant's Motion for Partial Summary Judgment

Although the Court has concluded that the Doe Defendants lack standing to pursue their requested declaratory relief in regards to the ANI, NAMS, and Transdev contracts, in order to

afford full review and resolution of the summary judgment motions, this section will address the Plaintiff's and Doe Defendants' respective Motions for Summary Judgment. Each Motion for Summary Judgment filed by Plaintiff, ANI, and the Doe Defendants, concern the following issues:

  a. Whether the Subcontract made by and between Transdev and NAMS is an "insured contract" within the meaning of the Improper Sexual Conduct Liability Coverage Form made part of the 2013 Primary Policy; and

  b. Whether ANI, by providing a defense to Transdev at the request of NAMS, is acting in accordance with the "insured contract" provisions of the Improper Sexual Conduct Liability Coverage Form made part of the 2013 Primary Policy.

### 1. Contract Interpretation

### a. Insurance Contracts Generally

It is the function of the court to interpret insurance contracts under Pennsylvania law. *Melrose Hotel Co. v. St. Paul Fire & Marine Ins. Co.*, 432 F.Supp.2d 488, 495 (E.D.Pa.2006) (citing *401 Fourth St., Inc. v. Investors Ins. Grp.*, 583 Pa. 445, 879 A.2d 166, 171 (2005)). The court's primary consideration in performing this function is " 'to ascertain the intent of the parties as manifested by the language of the written instrument.' " *Home Ins. Co. v. Law Offices of Jonathan DeYoung*, 32 F.Supp.2d 219, 223 (E.D.Pa.1998) (quoting *Standard Venetian Blind Co. v. Am. Empire Ins. Co.*, 503 Pa. 300, 469 A.2d 563, 566 (1983)). The policy must be read as a whole and construed in accordance with the plain meaning of terms. *C.H. Heist Caribe Corp. v. Am. Home Assurance Co.*, 640 F.2d 479, 481 (3d Cir.1981). Words of common usage must be "construed in their natural, plain, and ordinary sense, with a court free to consult a dictionary to inform its understanding of terms." *Melrose Hotel Co.*, 432 F.Supp.2d at 495 (citing *Madison Constr. Co. v. Harleysville Mut. Ins. Co.*, 557 Pa. 595, 735 A.2d 100, 108 (1999)).

### b. Duty to Defend

In Pennsylvania, an insurer's duty to defend is determined by comparing the allegations in the complaint with the relevant policy of insurance. *Kvaerner Metals Div. v. Commercial Union Ins. Co.*, 589 Pa. 317, 908 A.2d 888, 896 (2006) ("It is well established that an insurer's duties under an insurance policy are triggered by the language of the complaint against the insured."). "[A]n insurance company is obligated to defend an insured whenever the complaint filed by the injured party may <u>potentially</u> come within the policy's coverage." *Pac. Indem. Co. v. Linn*, 766 F.2d 754, 760 (3d Cir. 1985)(emphasis in original). In the present case, the Doe Defendants are the plaintiffs in the underlying lawsuit; they are suing both NAMs and Transdev and others in said lawsuit. ANI's duties, under the contracts at issue in the underlying case, concern providing the defense and the damages payments up to the limits of insurance coverage if Transdev and/or NAMS are found liable. These contractual duties are owed to NAMS and Transdev, and not to the Does.

### 2. Subcontract between Transdev and NAMS

In the present declaratory judgment action, Plaintiff, ANI, asserts that the Subcontract between Transdev and NAMS is an "insured contract" within the meaning of the Improper Sexual Conduct Liability Coverage Form made part of the 2013 Primary Policy. In the Underlying Complaint, the Doe Defendants averred that "at all times pertinent hereto, Transdev was under contract with [the Port Authority of Allegheny County] to provide the Service in Allegheny County [...] including the Service that was provided to Jane Doe and, as a result, Transdev is legally liable for the service, generally and specifically as a common carrier." (ECF No. 81-2 at ¶17). The Underlying Complaint further alleges that Transdev, subcontracted to provide such services by and through an agreement made with NAMS, effective December 31,

2012 (hereinafter "Subcontract"). (ECF No. 81-2 at ¶ 18). Under the terms of the Subcontract, NAMS agreed to "indemnify, save harmless, and defend [Transdev] and [PAT] ... from and against any and all claims, loss or damage, charge or expense, including all costs of suits and reasonable attorney's fees, to which it or any of them may be put or subjected by reason of any damage, loss, or injury to persons, including accidental death ... resulting from the action or inaction of [NAMS], its employees, and/or agents in the performance of the Subcontract." (ECF Nos. 81 at ¶ 110 and 81-6 at p. 3). The Does are not parties to these contracts of insurance.

As stipulated by the parties, the Improper Sexual Conduct Liability Coverage Form, made part of the 2013 Primary Policy, excludes any obligation for ANI to pay "damages" for "bodily injury" for which NAMS is obligated to pay by reason of assumption of liability by contract, *unless such obligation is assumed in an "insured contract."* (ECF Nos. 81 at ¶ 114)(emphasis added). Under the Improper Sexual Conduct Liability Coverage Form in the 2013 Primary Policy, "an "insured contract" is "that part of any other contract or agreement pertaining to your business under which you assume the tort liability of another to pay 'damages' because of 'bodily injury' arising from 'improper sexual conduct' to a third person or organization, if the contract or agreement is made prior to the date when the 'improper sexual conduct' takes place." (ECF Nos. 81 at ¶ 115). Further, under definition of "insured contract," "the "improper sexual conduct" must take place during the policy period," and the "tort liability means a liability that would be imposed by law in the absence of any contract or agreement." (ECF Nos. 81 at ¶ 115).

Defendants, Transdev and NAMS, agree with Plaintiff, ANI, that the Subcontract between Transdev and NAMS is an "insured contract" within the meaning of the Improper Sexual Conduct Liability Coverage Form made part of the 2013 Primary Policy. (ECF Nos. 106

12

and 107). In opposition to these concessions, the Doe Defendants argue that Transdev, as an alleged common carrier, cannot by contract avoid liability for either negligence or intentional torts. Following review of the Underlying Complaint, the Stipulation of the Parties, and the Subcontract, this Court concludes that the Doe Defendants' argument against ANI's defense of Transdev lacks merit. Transdev's Subcontract with NAMS does not grant Transdev relief from any of Transdev's independent liability to the Does. It does not concern any coverage for any alleged common carrier independent liability of Transdev. The Subcontract does not limit any liability of Transdev. It only obligates NAMS to provide Transdev with a defense and indemnification for any liability to third parties (i.e., the Does). Under the Subcontract, NAMS agreed to "indemnify, save harmless, and defend [Transdev] and [PAT] ... from and against any and all claims, loss or damage, charge or expense, including all costs of suits and reasonable attorney's fees, to which it or any of them may be put or subjected by reason of any damage, loss, or injury to persons, including accidental death ... resulting from the action or inaction of [NAMS], its employees, and/or agents in the performance of the Subcontract." (ECF Nos. 81 at ¶ 110 and 81-6 at p. 3). In the Underlying Complaint, the Does have sued Transdev for vicarious liability for the alleged tortious conduct of Burrelli towards Jane Doe. (ECF No. 81-1) Thus, the Doe Defendants are seeking recovery from Transdev for damages resulting from the conduct of NAMS's employee, Burrelli. The language of the Subcontract and the insurance contract require ANI to defend Transdev in such case.

Presently, any declaration that ANI has a duty to defend Transdev will not impact the Does' legal ability to establish liability against Transdev or to seek recovery from any judgments they obtain against Transdev and/or NAMS. The Doe Defendants have not produced any legal or factual basis to prevent enforcement of the insured contract provisions of the subcontract

13

between Transdev and NAMS and/or of the insurance contract between ANI and NAMS. The contracts at issue reflect the clear intent of the contracting parties, i.e. Transdev and NAMS and ANI and NAMS. There is no ambiguity within the documents. The positions taken by ANI, Transdev, and NAMS are consistent with the terms and conditions of the subcontract and of the insurance contract at issue. Accordingly, the Subcontract between Transdev and NAMS is an "insured contract" within the meaning of the Improper Sexual Conduct Liability Coverage Form made part of the 2013 Primary Policy.

### 3. "Insured Contract" Provisions of the 2013 Policy

Having decided that the Transdev and NAMS subcontract is an "insured contract," ANI, Transdev, and NAMS request a declaration that ANI's defense of Transdev is in accordance with the "insured contract" provisions of the Improper Sexual Conduct Liability Coverage Form made part of the 2013 Primary Policy. The Improper Sexual Conduct Liability Coverage section, included in the 2013 Primary Policy, provides:

> We will pay those sums that the insured becomes legally obligated to pay as "damages" because of "bodily injury" arising from "improper sexual conduct." No other obligation or liability to pay sums or perform acts or services is covered unless explicitly provided for under SECTION III - OTHER PAYMENTS.

(ECF No. 81 at Ex. C). SECTION III-OTHER PAYMENTS provides:

> We will pay, with respect to any "claim" or "suit" we defend:
>
> 1. All expenses we incur, including but not limited to, reasonable and customary attorney fees, costs and disbursements.

*Id.* Based upon the Court's interpretation of these provisions, as well as the manifested intent and consent of ANI, Transdev, and NAMS, it is determined that ANI has an obligation to defend Transdev in the underlying litigation. ANI has acted in accordance with the "insured contract" provisions under the Improper Sexual Conduct Liability Coverage Form made part of the 2013 Primary Policy. Accordingly, Plaintiff, ANI's Motion for Summary Judgment is granted.

### 4. Doe Defendants' Motion for Partial Summary Judgment

As regard, the Doe Defendants' Motion for Partial Summary Judgment, insofar as this Court has determined that ANI is responsible to provide a defense to Transdev pursuant to the language of the relevant contracts, the Doe Defendants' Motion for Partial Summary Judgment, seeking a declaration that ANI has no obligation to defend Transdev, lacks merit and is denied.

### C. Plaintiff's Motion to Strike Affirmative Defenses

The Doe Defendants previously filed their Answer to Plaintiff, ANI's, Amended Complaint. (ECF No. 84). In said Answer, the Doe Defendants raised numerous Affirmative Defenses. Plaintiff, ANI, has filed a Motion to Strike said Affirmative Defenses (ECF No. 86), and the Doe Defendants have responded to said Motion. (ECF No. 91). Before the Court ruled on the Motion, the parties each filed their respective Motion for Summary Judgment, seeking final resolution of the remaining declaratory judgment issues in this case. This Court has considered the Affirmative Defenses raised by the Doe Defendants (ECF No. 86), the Plaintiff, ANI's, Motion to Strike (ECF No. 86), the Doe Defendants' Response (ECF No. 91), and the January 22, 2019, arguments of counsel on all motions. The rulings herein resolve resolving all declaratory judgment issues pending before this Court. As such, Plaintiff, ANI's, Motion to Strike Affirmative Defenses is moot. As such no further court action is being taken.

### IV. CONCLUSION

For reasons stated above, Plaintiff, ANI's, Motion to Strike Defendant, Jane Doe, by and through her brother and legal representative, John Doe, and Joe Doe, individually and in his own right's ("Does"), Affirmative Defenses to Amended Complaint (ECF No. 86) is moot; Defendants, Does', Motion for Partial Summary Judgment (ECF Nos. 92-95) is denied; and Plaintiff, ANI's, Motion for Summary Judgment (ECF No. 96) is granted.

BY THE COURT:

_____
Marilyn J. Horan
United States District Judge